E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-465-MEMF |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| MATTHEW JASON KROTH,<br>   aka "Jason Kroth,"<br>   aka "Speedy," | |
| Defendant. | |

1.  This constitutes the plea agreement between MATTHEW JASON KROTH ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

    a.  Give up the right to indictment by a grand jury and at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to counts one and three of the information, which charge defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

      b.   Not contest facts agreed to in this agreement.

      c.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      d.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      e.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      f.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

      g.   Not file a notice of appeal, unless the prison sentence imposed in this case exceeds forty years.

      h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

> The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause; and if stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. At the time of sentencing, move to dismiss the remaining count of the information as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    c. Not file an information against defendant pursuant to Title 21, United States Code, Section 851.

## NATURE OF THE OFFENSES

4. Defendant understands that to be guilty of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, the following must be true: First, during the time period alleged in the information there was an agreement between two or more persons to commit wire fraud; Second, defendant became a member of the conspiracy knowing of its object and intending to help accomplish it. The elements of wire fraud, in turn, are as follows: First, defendant knowingly participated in or devised a scheme to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; Third, defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and Fourth, defendant used, or caused to

be used, wire communications in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

5.  Defendant understands that to be guilty of possession of methamphetamine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), the following must be true: First, defendant knowingly possessed methamphetamine; Second, defendant possessed it with the intent to distribute it to another person.  Defendant understands that for defendant to be subject to the statutory maximum and minimum sentences set forth below for count three, the government must also prove beyond a reasonable doubt that defendant's offense involved at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

## PENALTIES AND RESTITUTION

6.  Defendant understands that the statutory maximum sentence that the Court can impose for this violation of Title 18, United States Code, Section 1349 is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or loss from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that the statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) is: 40 years imprisonment; a lifetime period of supervised release; a fine of $5,000,000, or twice the gross gain or loss from the offense, whichever is greatest; and a mandatory special assessment of $100. The mandatory minimum sentence that the court must impose for this violation is five years in prison, followed by a supervised release term of at least four years.

8. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 60 years imprisonment; a lifetime period of supervised release; a fine of $5,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and mandatory special assessments of $200.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that defendant is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

1    11.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

12.   Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.

                          FACTUAL BASIS

13.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement, but is not meant to be a complete recitation of all facts relevant to the underlying

criminal conduct or all facts known to either party that relate to that conduct.

>Beginning in or before 2020, and continuing through at least January 24, 2023, there was an agreement between two or more persons to commit wire fraud.  Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.  In the summer of 2020, defendant broke into the home of Charles Wilding in order to burglarize it.  At that time, Charles Wilding was alive and home.  Later, defendant returned to the home to steal items, including mail and jewelry.  In furtherance of the conspiracy, defendant provided to his co-conspirators the personal identifying information of Charles Wilding and his mail so that they could impersonate him and steal his assets, such as his home and financial accounts.  Defendant's co-conspirators forged a trust and power of attorney forms so that they could pretend that Charles Wilding, who was then dead, supported the sale of his assets for the benefit of the members of the conspiracy.  Members of the conspiracy dismembered and disposed of the body of Charles Wilding so that his death would be hard to discover.  Defendant received into a joint bank account held with a co-conspirator most of the proceeds of the sale of Robert Tascon's real estate, which defendant knew was fraudulent and carried out with forgeries.  Defendant and his co-conspirators used interstate wires to defraud their victims throughout this conspiracy.
>
>On January 24, 2023, defendant knowingly possessed about 120 grams of a mixture containing a detectable amount of methamphetamine, along with cutting agents, a digital scale, ammunition, and baggies.  Defendant possessed the methamphetamine intending to dilute it and sell it to other persons.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15. Defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## LIMITED WAIVER OF DISCOVERY

17. In exchange for the government's obligations under this agreement, defendant gives up any right defendant may have had to review any additional discovery.

## ABANDONMENT OF DIGITAL DEVICES AND FIREARMS

18. Defendant abandons all right, title, and interest defendant had in any of the digital devices, firearms, or ammunition seized by law enforcement officials in the investigation of this case, which defendant admits are instrumentalities of defendant's offenses.

## WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than forty years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it

9

is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $10,000,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) the conditions of probation or supervised release imposed by the Court.

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22. The USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will still be bound by defendant's obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

      a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT, PROBATION, AND PRETRIAL NOT PARTIES</u>

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth in this agreement and any contemporaneously signed addendum, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

///

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Andrew Brown*                  March 28, 2023
_____    _____
ANDREW BROWN                          Date
Assistant United States Attorney

_____    10/17/23
MATTHEW JASON KROTH            Date
Defendant

_____    10/17/23
DANIEL BEHESNILIAN             Date
Attorney for Defendant


### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage

14

of the promises set forth in this agreement, and not for any other reason.

_____/s/ Jason Kroth_____        10/17/23
MATTHEW JASON KROTH                           Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____/s/ Daniel Behesnilian_____        10/17/23
DANIEL BEHESNILIAN                            Date
Attorney for Defendant

15